# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| Mehrdad Fotoohighiam,<br>                    Plaintiff,<br><br>               v.<br><br>City of Columbia Police Department,<br>Columbia, Missouri<br>                    Defendant. | Case Number: _____<br><br>**Jury Trial Demanded** |

# COMPLAINT

**COMES NOW, Plaintiff, Dr. Mehrdad Fotoohighiam**, by and through his undersigned counsel, for his Complaint against the **City of Columbia, Missouri**, the **Columbia Police Department**, and the **John Doe Defendant**, hereby alleges as follows:

## I. PARTIES, JURISDICTION, AND VENUE

### *Parties*

1. **Plaintiff, Dr. Mehrdad Fotoohighiam**, is an individual who resides in **Columbia, Missouri**, and at all relevant times was a lawful resident and business owner in the State of Missouri. Dr. Fotoohighiam has been aggrieved by the actions of the Defendants, which violate his constitutional and statutory rights, including his *Second, Fourth, and Fourteenth Amendment* rights, as well as his rights under Missouri law.

2. **Defendant, City of Columbia, Missouri**, is a municipal corporation organized and existing under the laws of the State of Missouri. At all relevant times, the **City of Columbia** was responsible for the actions of its officers, agents, and employees, including those of the **Columbia Police Department** (CPD), which is a division of the **City of Columbia**. The **City of Columbia** is the entity that manages and supervises the **Columbia Police Department** and is legally responsible for the policies, practices, and customs under which its officers act.

3. **Defendant, Columbia Police Department**, is a law enforcement agency operating under the authority of the **City of Columbia**. The **Columbia Police Department** is responsible for enforcing the laws of the City of Columbia and the State of Missouri, and its officers are responsible for the unlawful actions taken against Plaintiff, including the unlawful seizure and destruction of Plaintiff's firearm.

4. **Defendant, John Doe Defendant(s)**, refers to one or more unknown officers or employees of the **Columbia Police Department** or the **City of Columbia** who, at all relevant times, acted under the color of law and were responsible for the unlawful seizure and destruction of Plaintiff's firearm and the violation of Plaintiff's constitutional rights. Plaintiff will amend this Complaint once the identity of the **John Doe Defendant(s)** is known through discovery.

### *Jurisdiction*

5. This Court has jurisdiction over the claims in this case under **28 U.S.C. § 1331**, as the matter involves federal questions arising under the **United States Constitution** and federal law, including **42 U.S.C. § 1983**, which provides a cause of action for the violation of civil rights under color of law.

6. This Court also has **supplemental jurisdiction** over Plaintiff's state law claims, including the **conversion** and **Missouri constitutional** claims, under **28 U.S.C. § 1367(a)**, as these claims are related to the federal claims and form part of the same case or controversy.

7. The Court has jurisdiction over claims based on racial profiling and **ethnicity-based discrimination** under **42 U.S.C. § 1981** and the **Fourteenth Amendment**'s Equal Protection Clause.

### *Venue*

8. Venue is proper in this district under **28 U.S.C. § 1391(b)** because:

   a. The **events or omissions** giving rise to the claims occurred in **Columbia, Missouri**, which is located within the **Western District of Missouri**, making it the proper venue for this action.
   b. The **Defendants**, including the **City of Columbia** and the **Columbia Police Department**, are located and reside in the Western District of Missouri, and substantial parts of the events giving rise to the claims occurred in this district.

**Page 2 of 16**

9. Additionally, venue is proper under **28 U.S.C. § 1391(b)(2)**, as a substantial part of the events or omissions giving rise to the claims occurred in this district, including the unlawful seizure and destruction of Plaintiff's property.

---

## II.   INTRODUCTION

1. This action arises under 42 U.S.C. § 1983 for the violation of Plaintiff's constitutional rights, including the ***Second Amendment*** right to keep and bear arms, the Fourth Amendment's protection against unlawful searches and seizures, and the Fourteenth Amendment's guarantee of *due process*. Additionally, Plaintiff seeks state law remedies for conversion under Missouri law, as well as violations of the Missouri Constitution and statutes.

2. Plaintiff, Mehrdad Fotoohighiam, was imprisoned without bond on charges of arson in Boone County, Missouri, and seeks redress for the unlawful removal and destruction of his .22 caliber Remington rifle by the City of Columbia Police Department ("CPD") in 2015.

3. Plaintiff requests a petition for the recovery of his firearm and an inquiry into its destruction. Despite multiple requests under Missouri's Sunshine Law (public records requests), Plaintiff has not been provided sufficient or adequate information concerning the actions taken by CPD regarding the weapon.

4. Plaintiff specifically incorporates **Exhibit 1** (the **City of Columbia, MO Public Records Request #25-912**, dated February 18, 2025) into this complaint by reference, including its full content as if stated verbatim herein.

5. The **Public Records Request #25-912** was submitted by the Plaintiff to the City of Columbia Police Department on February 18, 2025, seeking information about the status of Plaintiff's Remington .22 caliber rifle, which was removed from his home at 5503 Carrick Court, Columbia, Missouri on or about June 30, 2015.

6. The response from the CPD, dated February 28, asserted that the firearm had been destroyed, and that all available records had been provided. The CPD further stated that the "status has not been changed since your last request" and that the weapon "remains destroyed." Additionally, the CPD provided that no further records were available regarding the firearm's destruction.

7. Plaintiff was acquitted of all charges and released from imprisonment on April 7, 2022.

8. A few weeks later, Plaintiff went to CPD and asked for the return of all his guns.

9. CPD verbally said, we only took one gun (that being the heirloom Remington rifle which is the subject matter of this cause action).

10. Plaintiff requested more information but was denied.

11. After consulting with counsel, Plaintiff filed multiple sunshine requests to get information regarding his dispossessed firearms.


12. Columbia Police Department, after thorough sunshine request inquiries admits to having taken only one gun.

13. On February 28, 2025, Plaintiff received an email in regard to his sunshine request; the Columbia Police Department's response is attached as **Exhibit 2** and incorporated by reference as if stated fully herein.

14. The disclosed CPD records indicate that a John Doe (the name is redacted) destroyed the rifle on

15. The Disclosed CPD records additionally identify a witness, whose name has also been redacted.

16. The Remington rifle was a rare antique model equipped with a special sharp-shooting scope.

17. The Remington Rifle and special sharp-shooting scope had a sentimental value and emotional attachment for the plaintiff.

18. On August 13, 2015 Plaintiff posted a five million dollar ($5,000,000) CASH ONLY bond.

19. Plaintiff was engaged in a divorce with Heihde Fotoohigiam who with her Attorney H.W. filed for divorce in Boone County in May of 2015.

20. When Plaintiff was arrested and the gun was taken, at that time did live in the house as the divorce had started just a month prior.

21. However, when Plaintiff posted his bond, he was unable to return to his home and he was being threatened by his wife an his attorney.

22. Additionally, Plaintiff's mailing address for the past forty (40) years has been PO Box 1713 Columbia, MO 65205.

**Page 4 of 16**

23. Furthermore, all communications from the county government and city government had been mailed to 1201 Rangeline Street, Columbia MO 65201.

24. The Columbia Police Department, the Boone County Courts and the Boone County Sheriff's Department knew Plaintiff's address and where he could be located was 1201 Rangeline Street, Columbia, Missouri 65201.

25. Heidi Fotoohighiam subsequently manufactured facts and filed an ex parte, and Mehrdad's bond was revoked, and seized by the county.

26. The Columbia Police Department went to the place he knew where he resided at 1201 Rangeline Street Columbia, MO 65201 – where they arrested him, at which point he spent the next six (6) years fighting for his freedom until being released in April of 2022; at which point he was able to inquire as to the status of his firearms, including the rifle in question.

27. Upon belief, the Columbia police department did on, or more of the follow:

    a. Took or destroyed one (1) gun belonging to Mehrdad Fotoohighiam; or

    b. Took or destroyed two (2) guns belonging to Mehrdad Fotoohighiam; or

    c. Took or destroyed three (3), or more, additional guns belonging to Mehrdad Fotoohighiam.

28. Additionally, this is a continuing violation of Plaintiff's Second Amendment rights, with each day that passes without access to his firearm constituting a new violation and rolling statute of limitations under 42 U.S.C. § 1983.

29. Plaintiff seeks a **Declaratory Judgment** to determine that the destruction of his Remington rifle is unlawful and that it cannot be replaced, and further, that such destruction constitutes a violation of his constitutional rights. Plaintiff also seeks a **Declaratory Judgment** regarding the status of all firearms seized or destroyed by CPD under similar circumstances, as they too constitute violations of his constitutional rights.

30. Plaintiff asserts a **state law claim for conversion** under Missouri law, as the unlawful taking and destruction of his firearm amount to an interference with his possessory rights to the property, causing him damages.

31. Additionally, Plaintiff asserts that the actions of the CPD violated provisions of the **Missouri Constitution** and **Missouri statutes**, including the **Missouri Sunshine Law**, **Missouri's constitutional protections regarding private property**, and

**Missouri's criminal procedure statutes** related to the seizure and destruction of property.

## III. WAIVER OF SOVEREIGN IMMUNITY AND QUALIFIED IMMUNITY

### *Waiver of Sovereign Immunity:*

9. The **City of Columbia** and the **Columbia Police Department** are not entitled to sovereign immunity for the constitutional and statutory violations alleged herein. Under Missouri law, municipalities may be held liable for damages arising from the wrongful acts of their officers and employees, including violations of federal civil rights under 42 U.S.C. § 1983. Moreover, the City of Columbia has waived sovereign immunity by engaging in conduct outside the scope of its legal immunity, including unlawful destruction and seizure of private property without proper legal process.

### *Qualified Immunity:*

10. The individual officers of the Columbia Police Department are not entitled to qualified immunity in this case because Plaintiff's constitutional rights were clearly established at the time of the unlawful seizure and destruction of his firearm. The ***Second Amendment*** right to keep and bear arms, the ***Fourth Amendment*** prohibition against unlawful searches and seizures, and the ***Fourteenth Amendment*** right to due process were well-established at the time of the events in question. A reasonable officer in the position of the CPD officers involved would have known that the destruction of Plaintiff's firearm without legal authority violated these clearly established rights.

11. At the time of his imprisonment, **Dr. Mehrdad Fotoohighiam** was an established entrepreneur with significant ties to the Columbia, Missouri area. He was engaged in legitimate and lawful business activities and owned significant property. It is important to note that **Dr. Fotoohighiam** was **acquitted** of the charges of arson, and at the time of the unlawful seizure and destruction of his firearm, he had been **presumed innocent** under the law throughout the pendency of the case. This further underscores the egregious nature of the unlawful taking of his firearm,

which constitutes not only a violation of his constitutional rights but also a harmful disruption to his business and personal life.

## IV. JOHN DOE DEFENDANT

### *John Doe Defendant:*

12. The individual responsible for the unlawful destruction of Plaintiff's **Remington .22 caliber rifle** is currently unknown but is believed to be a member of the **Columbia Police Department** or another city employee involved in the handling of Plaintiff's firearms during the course of the investigation.

### *Responsibility:*

13. The **John Doe Defendant** acted under the color of law and in violation of Plaintiff's constitutional rights by unlawfully seizing and destroying Plaintiff's firearm, without a court order, subpoena, or lawful authority. The destruction of Plaintiff's firearm was carried out in direct violation of Plaintiff's **Second Amendment**, **Fourth Amendment**, and **Fourteenth Amendment** rights.

### *Identification:*

14. Plaintiff will amend this Complaint to substitute the true identity of the **John Doe Defendant** once the individual is identified through discovery or investigation.

### *Claims Against John Doe Defendant:*

15. Plaintiff asserts that the **John Doe Defendant** is personally liable for the unlawful actions taken, including the unlawful destruction of Plaintiff's firearm, and seeks damages for these violations of Plaintiff's constitutional rights, as well as for the **conversion** of Plaintiff's property.

## V. MONELL LIABILITY

### *Monell Liability:*

16. The **City of Columbia** and the **Columbia Police Department** can be held liable for constitutional violations under ***Monell v. Department of Social Services***, 436 U.S. 658 (1978), if those violations were the result of a policy, practice, or custom

of the city or its police department. In this case, Plaintiff alleges that the unlawful seizure and destruction of his firearm were part of a broader policy, custom, or practice within the City of Columbia Police Department.

## *Policy or Custom:*

17. The actions of the officers involved in the unlawful seizure and destruction of Plaintiff's firearm were not isolated incidents but rather part of a larger pattern or practice of improperly seizing and destroying firearms without legal process or authority. This practice, if proven, is a direct result of a policy or custom established, maintained, or condoned by the City of Columbia and its police department.

### *Failure to Train or Supervise:*

18. Plaintiff further alleges that the City of Columbia failed to adequately train or supervise its officers to prevent constitutional violations, including unlawful seizures and destruction of property. This failure to train or supervise created an environment where officers believed they could seize and destroy property, including firearms, without legal authority or due process.

### *Resulting Harm:*

19. The unconstitutional actions taken by the Columbia Police Department, including the unlawful destruction of Plaintiff's firearm, were carried out pursuant to the City's policies, customs, or practices. These actions directly led to the violation of Plaintiff's **Second, Fourth, and Fourteenth Amendment** rights, and the City of Columbia should be held liable for the resulting harm caused to Plaintiff.

## *Official Policy or Custom:*

20. Plaintiff alleges that the unlawful destruction of firearms and other property without proper legal authority or process is part of an ongoing policy or custom within the Columbia Police Department, which has led to repeated violations of citizens' constitutional rights. As such, the **City of Columbia** and the **Columbia Police Department** are liable under *Monell v. Department of Social Services* for the unconstitutional actions of their officers.

# VI. ETHNICITY-BASED PROFILING AND DISCRIMINATION

### *Plaintiff's Ethnicity:*

21. **Dr. Mehrdad Fotoohighiam**, the Plaintiff in this case, is of **Iranian descent**. As a result of his ethnicity, Plaintiff has been subjected to racial profiling and discriminatory treatment by law enforcement officers of the **Columbia Police Department**.

### *Profiling and Discrimination:*

22. Plaintiff alleges that the unlawful seizure and destruction of his firearm, as well as other actions taken by the Columbia Police Department, were influenced, in part, by his Iranian descent. Plaintiff believes that the officers involved in his case targeted him for harsher treatment based on ethnic and racial stereotypes, in violation of his rights under the *Fourteenth Amendment* of the United States Constitution, which guarantees equal protection under the law, and the **Civil Rights Act of 1964**, prohibiting discrimination based on race, color, or national origin.

### *Racial Profiling:*

23. The conduct of the officers, including the unlawful destruction of Plaintiff's firearm, was discriminatory and based on an unconstitutional racial profiling practice, which violates **42 U.S.C. § 1981**, prohibiting discrimination based on race in the making and enforcement of contracts, and **42 U.S.C. § 1983**, which provides for a civil action for deprivation of rights under color of law.

### *Harm and Damages:*

24. Plaintiff alleges that he suffered emotional distress, humiliation, and other damages as a result of the profiling and discriminatory treatment he experienced. The unlawful actions of the Columbia Police Department, in addition to violating Plaintiff's constitutional rights, were exacerbated by discriminatory animus based on his ethnicity and national origin.

### *Pattern and Practice of Discrimination:*

25. Plaintiff further alleges that the City of Columbia and the Columbia Police Department have a pattern and practice of engaging in discriminatory actions against individuals of Iranian descent, Middle Eastern descent, or other minorities, contributing to a hostile and unlawful environment that directly impacted Plaintiff.

## IV. FACTUAL ALLEGATIONS

26. On or about July 2015, officers from the Columbia Police Department entered Plaintiff's home at 5503 Carrick Court, Columbia, Missouri, and removed several firearms, including a .22 caliber Remington rifle.

27. The removal of these firearms occurred without a subpoena, court order, or Plaintiff's consent, constituting an illegal seizure under the Fourth Amendment of the United States Constitution.

28. Despite multiple requests for information regarding the firearm and its current whereabouts, including **Exhibit 2: Public Records Request #25-912** made on February 18, 2025, the CPD responded with the assertion that the firearm was destroyed and no further records are available, leaving the Plaintiff without due process to challenge this action.

29. Plaintiff seeks to challenge the destruction of the firearm, as it was taken without proper legal process or justification, and Plaintiff was not afforded an opportunity to contest this action.

30. Plaintiff now seeks a **Declaratory Judgment** declaring the destruction of his Remington rifle to be unlawful, and further declaring that it cannot be replaced due to its destruction. Plaintiff further requests a **Declaratory Judgment** regarding any and all firearms seized and/or destroyed by CPD under similar circumstances, as each and every destruction or unlawful seizure is a continuing violation of Plaintiff's constitutional rights.

31. Plaintiff further asserts that the actions of the City of Columbia Police Department violated the **Missouri Constitution**'s **protection against unlawful seizures** of property and **provisions relating to private property** (Article I, Section 10). The seizure and destruction of Plaintiff's firearm without due process also violates Missouri statutes related to unlawful seizure and destruction of property.

32. Plaintiff further claims a state law claim for **conversion** under Missouri law, as the taking and destruction of his Remington rifle without proper legal process constitutes an unlawful interference with his right to possess and use his firearm.

33. Every day that Plaintiff is deprived of access to his firearm constitutes a rolling violation of his *Second Amendment* rights, and therefore each day that passes is considered a new and continuing violation under 42 U.S.C. § 1983.

**Page 10 of 16**

# V. CLAIMS FOR RELIEF

## Count I:
## Violation of Second Amendment Rights
## Under 42 U.S.C. § 1983

34. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 33.

35. The unlawful removal and destruction of Plaintiff's firearm constitutes a violation of his **_Second Amendment_** right to keep and bear arms, which is enforceable against state actors under 42 U.S.C. § 1983

36. The direct and proximate cause of Plaintiff's injury is the unlawful destruction of his firearm by the Columbia Police Department, which deprived Plaintiff of his Second Amendment rights and resulted in harm and damages.

37. As a result, Plaintiff seeks relief in an amount unknown at this time, including the recovery of damages for the unlawful destruction of his firearm and the violation of his constitutional rights.

38. Plaintiff further seeks to hold John Doe Defendants responsible for the unlawful destruction of his firearm and any other John Does who may be identified as responsible for the actions taken that resulted in this injury.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

    a. Declare that the actions of the Columbia Police Department in destroying Plaintiff's firearm violated his Second Amendment rights.

    b. Award Plaintiff damages in an amount unknown at this time, including compensatory and punitive damages, as well as any other available remedies under law.

    c. Award Plaintiff attorneys' fees and costs incurred in bringing this action.

    d. Provide any further relief that the Court deems just and proper.

## Count II:
## Violation of Fourth Amendment Rights
## Under 42 U.S.C. § 1983

39. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 38.

40. The unlawful seizure of Plaintiff's firearm without a court order or subpoena constitutes a violation of the ***Fourth Amendment's*** protection against unreasonable searches and seizures.

41. The unlawful seizure of Plaintiff's firearm without a court order, subpoena, or warrant constitutes a violation of the ***Fourth Amendment's*** protection against unreasonable searches and seizures.

42. The direct and proximate cause of Plaintiff's injury is the unlawful seizure and destruction of his firearm, depriving him of his property and subjecting him to harm, damages, and constitutional violations.

43. Plaintiff seeks relief in an amount unknown at this time for the unlawful seizure of his firearm and the violation of his ***Fourth Amendment*** rights.

44. Plaintiff seeks to hold John Doe Defendants, including any officers involved in the unlawful seizure of the firearm, responsible for the actions that resulted in this injury, along with any other John Does who may be identified.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

    a. Declare that the actions of the Columbia Police Department in destroying Plaintiff's firearm violated his Second Amendment rights.

    b. Award Plaintiff damages in an amount unknown at this time, including compensatory and punitive damages, as well as any other available remedies under law.

    c. Award Plaintiff attorneys' fees and costs incurred in bringing this action.

    d. Provide any further relief that the Court deems just and proper.

# Count III:
# Due Process Violation Under the Fourteenth Amendment
# Under 42 U.S.C. § 1983

45. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 44.

46. Plaintiff's right to due process was violated when the firearm was destroyed without notice or opportunity for Plaintiff to contest the destruction in court, depriving Plaintiff of property without just compensation.

47. Plaintiff's *Fourteenth Amendment* right to due process was violated when the Columbia Police Department destroyed his firearm without providing him notice or an opportunity to contest the destruction in court.

48. The direct and proximate cause of Plaintiff's injury is the destruction of his firearm without due process, depriving him of his property and causing harm and damages to his ability to lawfully possess his firearm.

49. Plaintiff seeks relief in an amount unknown at this time for the deprivation of property without due process and the violation of his Fourteenth Amendment rights.

50. Plaintiff seeks to hold John Doe Defendants, including those responsible for the destruction of his firearm, accountable for the harm caused, and any other John Does who may be identified in the course of discovery.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

    **a.** Declare that the actions of the Columbia Police Department in destroying Plaintiff's firearm violated his Second Amendment rights.

    **b.** Award Plaintiff damages in an amount unknown at this time, including compensatory and punitive damages, as well as any other available remedies under law.

    **c.** Award Plaintiff attorneys' fees and costs incurred in bringing this action.

    **d.** Provide any further relief that the Court deems just and proper.

## Count IV:
## Request for Declaratory Judgment

51. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 50.
52. Plaintiff seeks a **Declaratory Judgment** declaring the destruction of his Remington .22 caliber rifle to be unlawful, and further declaring that it cannot be replaced due to its destruction.
53. Plaintiff further seeks a **Declaratory Judgment** declaring that all firearms taken and/or destroyed under similar circumstances by the City of Columbia Police Department constitute continuing violations of Plaintiff's constitutional rights, particularly his Second Amendment right to keep and bear arms.
54. Plaintiff seeks a Declaratory Judgment declaring the destruction of his Remington .22 caliber rifle to be unlawful and further declaring that it cannot be replaced due to its destruction.
55. The direct and proximate cause of Plaintiff's injury is the unlawful destruction of his firearm, which deprived him of his property and his ability to exercise his rights under the Second, Fourth, and Fourteenth Amendments.
56. Plaintiff further seeks a Declaratory Judgment regarding the City of Columbia Police Department's practice of seizing and destroying firearms under similar circumstances and seeks a declaration that these actions are unconstitutional.
57. Plaintiff seeks relief in an amount unknown at this time, including declaratory relief and damages related to the unlawful destruction of his property.
58. Plaintiff further seeks to hold John Doe Defendants and any other John Does who were involved in the unlawful destruction of the firearm responsible for the damages incurred.

## Count V:
## State Law Claim for Conversion

59. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 58.
60. The unlawful removal and destruction of Plaintiff's Remington rifle amounts to a **conversion** under Missouri law, as it was a wrongful interference with Plaintiff's

**Page 14 of 16**

ownership and possession of his firearm without due process, causing Plaintiff harm and damages.

61. Under Missouri law, the unlawful removal, seizure, and destruction of Plaintiff's Remington .22 caliber rifle amounts to conversion, as it constitutes a wrongful interference with Plaintiff's possessory rights to his property.

62. The direct and proximate cause of Plaintiff's injury is the unlawful taking and destruction of his firearm, which interfered with his right to possess and use his property, resulting in harm and damages.

63. Plaintiff seeks relief in an amount unknown at this time for the wrongful interference with his property and the emotional distress caused by the unlawful conversion of his firearm.

64. Plaintiff seeks to hold John Doe Defendants, including any officers responsible for the wrongful destruction, and any other John Does who may be involved in the conversion of Plaintiff's firearm, accountable for the damages incurred.

65. Plaintiff respectfully requests compensatory damages for the unlawful interference with his property.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

a. Declare that the actions of the Columbia Police Department in destroying Plaintiff's firearm violated his Second Amendment rights.

b. Award Plaintiff damages in an amount unknown at this time, including compensatory and punitive damages, as well as any other available remedies under law.

c. Award Plaintiff attorneys' fees and costs incurred in bringing this action.

d. Provide any further relief that the Court deems just and proper.

## VI. DEMAND FOR RELIEF

66. **WHEREFORE**, Plaintiff respectfully requests that this Court:

a. Issue a **Declaratory Judgment** declaring the destruction of Plaintiff's Remington rifle unlawful and that it cannot be replaced.

b. Issue a **Declaratory Judgment** regarding all firearms seized and/or destroyed by CPD under similar circumstances, declaring such actions to be unlawful and in violation of Plaintiff's constitutional rights.

c. Issue an injunction requiring the City of Columbia Police Department to return the Remington rifle (or provide an accounting of its destruction and explanation) or replace it.

   **d.** Award Plaintiff compensatory and punitive damages for the violation of his constitutional rights under 42 U.S.C. § 1983 and the state law claim for conversion.

   **e.** Award Plaintiff reasonable attorneys' fees and costs incurred in bringing this action.

   **f.** Provide any further relief that the Court deems just and proper.

## VII. VERIFICATION

I, **Mehrdad Fotoohighiam**, Plaintiff in the above-captioned matter, hereby declare under penalty of perjury that I have read the foregoing **Complaint** and that the facts stated in the Complaint are true and correct to the best of my knowledge, information, and belief. I understand that this Declaration is made for the purpose of verifying the allegations contained in the Complaint.

Executed this 9th day of March, 2025.

**Mehrdad Fotoohighiam**
Plaintiff

## VII. SUMBISSION

Respectfully Submitted for Plaintiff By:

/s/ Matthew Alexander Perry
**Matthew Alexander Perry**
Missouri Bar Number: 64079
Perry Law Firm, LLC
1220 Sunset Drive
Columbia, Missouri 65203
(573) 777-2623
APerryLawFirm@gmail.com

**Page 16 of 16**